**Motion granted and Abatement Order filed March 31, 2022.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-21-00416-CR**

_____

**GARRETT HOUSTON HANNES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 20-DCR-093173**

## ABATEMENT ORDER

On September 20, 2021, this court issued a letter to appellant stating that because the record indicated this was a plea-bargain case, this court lacked jurisdiction over his appeal in which appellant waived his right to appeal and the trial court suspended the imposition of the sentence and placed appellant on community supervision. *See* Tex. Code Crim. Proc. Ann. art 42A.053(a); Tex. R. App. P. 25.2(a)(2). After appellant indicated his desire to prove this court had jurisdiction, new counsel was appointed for appellant.

1

On March 14, 2022, appellant's counsel filed a motion to abate the appeal. The motion sets out counsel's efforts to clarify whether there was any basis for continuing the appeal despite appellant's plea bargain. The motion indicates that although counsel has contacted the trial court and multiple attorneys who were involved with appellant's trial court proceedings and has further reviewed the record for this case, he has not located any irregularities regarding appellant's plea. However, although appellant's counsel has attempted to contact appellant on numerous occasions by multiple means, appellant has not responded to counsel's efforts. Counsel accordingly seeks an abatement to give him a further opportunity to establish contact with appellant and determine a basis for the appeal.

As counsel's motion has merit, the court hereby GRANTS the motion and abates the case for thirty days from the date of this order. However, as it appears counsel's inability to demonstrate this court has jurisdiction over this appeal is attributable to appellant personally, no further abatement or other extension will be granted absent extraordinary circumstances. In the event appellant cannot demonstrate that this court has jurisdiction over his appeal by the end of the abatement period, the appeal may be dismissed for want of jurisdiction.

The appeal is abated, treated as a closed case, and removed from this court's active docket for thirty days from the date of this order. The appeal will be reinstated on this court's active docket at that time, or when the parties file a motion to dismiss the appeal or other dispositive motion. The court will also consider an appropriate motion to reinstate the appeal filed by any party, or the court may reinstate the appeal on its own motion.

PER CURIAM

Panel Consists of Justices Jewell, Spain, and Wilson.